Opinion issued May 17, 2007













 






In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00780-CR






RAYMOND DEON HUTCH, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 248th District Court

Harris County, Texas

Trial Court Cause No. 1061221






MEMORANDUM OPINION


 Appellant, Raymond Deon Hutch, was charged by indictment with the offense
of aggravated robbery, enhanced by a prior robbery conviction. See Tex. Pen. Code
Ann. § 29.03 (Vernon 2003). Appellant pleaded not guilty to the primary offense,
but pleaded "true" to the enhancement. A jury found him guilty as charged, found the
enhancement true, and assessed punishment at 40 years' confinement.

 In his sole issue on appeal, appellant contends that he was denied effective
assistance of counsel because his trial counsel failed "to object to numerous instances
of inadmissible hearsay." 

 We affirm.

Background

 On July 20, 2005, three men robbed an employee of Pager 2000, a store located
in Houston that sells cellular telephones and rents movies. At approximately 1:30
p.m. on the day of the incident, two men came into the store and asked the
complainant, Hassan Nasir, a college student working as a clerk, to activate a cellular
telephone. The men presented a Sprint telephone, and Nasir explained that Pager
2000 was not able to activate that brand. The two men left. 

 A short time later, the two men returned with a third man, and the men inquired
about renting a particular movie. Nasir told them that the store did not have the
movie. Two of the men approached Nasir. One of the men, later identified as
appellant, pulled out "a long gun," described by Nasir as similar to those "you see in
the old [Western] movies." The other man, later identified as Darryl Davis, pulled
out a handgun, "clicked it," and said, "Don't move."

 Nasir backed away from them and told them to do whatever they wanted. One
of the men commanded, "Don't move, don't move." Appellant went around the
counter, broke the glass from a display case housing cellular telephones, and
demanded, "Where is the money? Give me the money." Nasir went to the cash
register and opened it. Appellant, who was standing beside Nasir, said, "Give it to
me." 

 Appellant repeatedly asked Nasir, "Where is your gun? I know you have a
gun." Nasir told him that he did not have a gun. Appellant said, "I am going to kill
you. Where is your gun?" Nasir said, "Check me, I don't have a gun." Nasir testified
that he was in fear for his life and thought that appellant was going to shoot him. 

 While Nasir was giving appellant the contents of the register (approximately
$60), the third man, later identified as Anthony Waits, jumped over the counter and
began taking the cellular telephones from the display case. Waits also demanded
Nasir's wallet. Nasir said that he did not have a wallet, and Waits searched Nasir's
pockets, taking $250 and Nasir's identification. 

 Nasir's friend, Imran, who had been in the restroom during the incident,
returned to the floor of the store. One of the men shouted at Imran to "Come out,
come out." Appellant shot at Imran, but did not hit him. Imran told the men that he
did not have a gun. The men told Nasir and Imran to come with them, but then the
men ran away.

 Officer R. Carson, of the Houston Police Department, was dispatched to the
store. The store's surveillance video showed one of the men jumping over the
counter. Fingerprints taken from the area where the man placed his hands ultimately
identified Waits.

 Detective P. Reese, of the Houston Police Department, investigated the
robbery. The surveillance video was televised, and Crime Stoppers received an
anonymous tip that appellant and Waits had participated in the robbery. Waits
subsequently identified Davis. Officer Reese recovered a Ruger 9-millimeter pistol
from appellant's girlfriend's apartment. Officer Reese testified that, based on the
video surveillance tape from the store, the pistol appeared to be the one used by Davis
in the robbery. Nasir subsequently identified Waits, Davis, and appellant from
lineups.

 Trial was held August 16, 2006. Waits, who had pleaded guilty to the
aggravated robbery of Nasir, testified that it was appellant's idea to rob the store, that
appellant and Davis each had guns, and that Waits was to be the "look out man." The
jury found appellant guilty as charged in the indictment, found the enhancement true,
and assessed punishment at 40 years' confinement. The trial court signed the
judgment, permitted appellant's trial counsel, Ronald Nicholas, to withdraw, and
appointed appellate counsel. There was not a motion for new trial. This appeal
followed.

Ineffective Assistance of Counsel

 Appellant contends that he was denied effective assistance of counsel because 
his trial counsel failed to "object to numerous instances of inadmissible hearsay." 
Specifically, appellant complains of six instances in which he contends that trial
counsel failed to object to the testimony of Officer Reese.

 In the first instance, appellant complains of the following colloquy that took
place when the State asked Officer Reese how he had developed appellant as a
suspect: [Reese]: Well, on August 15th of 2005, I got a call from Crime
Stoppers, a tipster had called in to Crime Stoppers and
provided the Crime Stoppers with the name of those two
suspects.

 . . . . 

 [State]: . . . What, if anything, was said on those calls, if you
know?

 [Reese]: Got a call from an officer there. Said that--that advised
me an informant, anonymous informant had called in and
provided him with the names of two suspects.

 [State]: What were those names?

 [Reese]: Raymond Deon Hutch and Anthony Waits.

 

Appellant contends that he was prejudiced by this testimony because Officer Reese
was permitted to bring in the statements of an anonymous person (who did not testify
at trial and thus was not subject to cross-examination) to corroborate Nasir's
identification of appellant as a perpetrator.

 In the second instance, appellant complains that Officer Reese testified that
Nasir made a positive identification of appellant at the live lineup, as follows:

 [State]: Did the witness, [Nasir], make a positive identification of
[appellant] at the live lineup?

 [Reese]: Yes, sir, he did.

 . . . . 

 [State]: What did [Nasir] answer of [appellant]?

 [Reese]: He made a positive ID.


Appellant contends that he was prejudiced by this testimony because Officer Reese
was permitted to use an out-of-court positive identification of appellant by Nasir to
support Nasir's testimony concerning the identification of appellant. 

 In the third instance, appellant complains of the following testimony by Officer
Reese concerning appellant's co-defendant, Waits:

 [State]: When you interviewed [Waits], how would you describe
that interview?

 [Reese]: He was, I would say, not truthful.

 [State]: Did he admit to robbing the store?

 [Reese]: Yes.


Appellant contends that he was prejudiced by this testimony because, although Waits
testified at trial that he had committed the robbery, Waits's credibility was enhanced
through this testimony.

 In the fourth instance, appellant contends that Officer Reese was permitted to
improperly testify concerning statements by appellant's girlfriend at the time that
Officer Reese recovered one of the guns from her apartment:

 [State]: Where did you recover this weapon from?

 [Reese]: At Lashaundra Smith's apartment.

 [State]: Who is she?

 [Reese]: She is [appellant's] girlfriend.

 [State]: When you recovered this, do you know who it belonged to
at the time you recovered it?

 [Reese]: Yes, I do.

 [State]: Who did it belong to?

 [Reese]: Raymond Hutch

 [State]: What did you base that information on?

 [Reese]: What I was told by his girlfriend.


Appellant contends that he was prejudiced because the testimony that appellant
owned a gun further corroborated Nasir's identification of appellant as a perpetrator.


 In the fifth instance, appellant complains of testimony by Officer Reese
concerning how Davis was developed as a suspect, as follows:

 [State]: How were you able to come up with a third suspect?

 [Reese]: Actually, I met with Anthony Waits and his attorney again.

 [State]: At that time were you able to develop the name Darryl Davis?

 [Reese]: Yes, sir.

 . . . .

 [State]: What was [Nasir's] identification at that point of Mr. Davis?

 [Reese]: He made a tentative ID on Darryl Davis. 

Appellant complains that he was prejudiced by this testimony because Reese was
improperly permitted to explain how he developed Davis as a suspect, which
corroborated the identification of appellant by Nasir.

 In the sixth instance, appellant complains of the following testimony of Officer
Reese:

 [State]: Upon arrest of Davis, what happened next?

 [Reese]: I was able to--after I arrested him, I was able--to
interview him.

 [State]: And were you able to confirm your suspicions of
[appellant] and Mr. Waits as the robbers of the Pager 2000
store?

 [Reese]: I was able to corroborate that they were involved.


Appellant contends that he was prejudiced by this testimony because it further
supported Nasir's identification of appellant as a perpetrator.

A. Standard of Review

 Appellant was entitled to reasonably effective assistance of counsel. U.S. 
Const. amend. VI; Tex. Const. art. I, § 10. The right to counsel, however, does not
mean the right to errorless counsel. Robertson v. State, 187 S.W.3d 475, 483 (Tex.
Crim. App. 2006). To prove ineffective assistance of counsel, appellant must show
(1) that counsel's performance fell below an objective standard of reasonableness and
(2) that the deficient performance prejudiced the appellant. Strickland v. Washington,
466 U.S. 668, 687, 694, 104 S. Ct. 2052, 2064, 2068 (1984); Andrews v. State, 159
S.W.3d 98, 101 (Tex. Crim. App. 2005). 

 Under the first prong, appellant must overcome the strong presumption that
counsel's performance falls within a wide range of reasonable professional assistance. 
Andrews, 159 S.W.3d at 101. Under the second prong, appellant must show that there
is a reasonable probability that, but for counsel's errors, the result of the proceeding
would have been different. Id. at 102. A "reasonable probability" is a probability
sufficient to undermine confidence in the outcome. Id. Appellant has the burden to
establish both prongs by a preponderance of the evidence. Jackson v. State, 973
S.W.2d 954, 956 (Tex. Crim. App. 1998). A failure to make a showing under either
prong defeats a claim of ineffective assistance of counsel. Rylander v. State, 101
S.W.3d 107, 110-11 (Tex. Crim. App. 2003). 

B. Analysis

 Appellant contends that "the above-cited instances of inadmissible hearsay all
helped the prosecution by corroborating the identification" of appellant by Nasir. 
Appellant contends that, without this testimony, the State "would not have had the
mountain of evidence" it presented and "the result of the trial would have been
different." 

 We need not address the question of counsel's performance on the complained-of points because appellant has not shown that there is a reasonable probability that,
but for any such errors, the outcome of trial would have been different. See Boyd v.
State, 811 S.W.2d 105, 109 (Tex. Crim. App. 1991). During trial, Nasir fully testified
as to appellant's role in the robbery. In addition, appellant's co-defendant Waits
testified that appellant participated in the robbery of Nasir. Further, the robbery was
captured on the store's video surveillance camera, and the video was played to the
jury. Hence, the jury had sufficient evidence of appellant's identity as a perpetrator
of the robbery upon which to base its conviction, even without the testimony of
Officer Reese. See Marlow v. State, 886 S.W.2d 314, 318 (Tex. App.--Houston [1st
Dist.] 1994, pet. ref'd). As appellant points out on appeal, Officer Reese's testimony
"supported" or was merely cumulative of other evidence. 


 Hence, we conclude that, even if appellant's trial counsel erred by failing to
object to one or more of the instances of Officer Reese's testimony cited, appellant
has not shown that there is a reasonable probability that, but for any such errors, the
outcome of the trial would have been different. See Andrews, 159 S.W.3d at 102;
Marlow, 886 S.W.2d at 318. When, as here, appellant fails to meet the prejudice
prong, we need not address the question of counsel's performance on these points. 
See Boyd, 811 S.W.2d at 109. The failure to make a showing under either of the
required prongs of Strickland defeats a claim for ineffective assistance of counsel. 
Rylander, 101 S.W.3d at 110-11. We conclude that appellant has not met his burden
to show ineffective assistance of counsel by a preponderance of the evidence. See
Jackson, 973 S.W.2d at 956.

 Accordingly, appellant's sole issue is overruled. 

Conclusion

 We affirm the judgment of the trial court. 

 

 Laura Carter Higley

 Justice


Panel consists of Chief Justice Radack and Justices Keyes and Higley.

Do not publish. Tex. R. App. P. 47.2.